**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO.  13-00326 |
|  | Chapter   11 |
| MARIO GARCIA CASTILLO | |
|  | |
| ZENAIDA TORRES COLLAZO | |
|  | **FILED & ENTERED ON 7/10/2013** |
| Debtor(s) | |

## OPINION & ORDER

Before this court is Debtors' Motion Requesting Additional Findings of Fact and Separate

Conclusions of Law filed on April 4, 2013 [Dkt. No. 86]. After reviewing Debtors' arguments, and

the relevant law, the court finds that in its March 26, 2013 Dismissal Order this Court sufficiently

laid out the findings of facts and conclusions of law as mandated by Rule 7052. As such, for the

reasons set forth below, Debtors' Motion is DENIED.

**I. Factual Background**

Debtors Mario Garcia Castillo and Zanaida Torres Collazo filed a voluntary Chapter 11

bankruptcy case on January 18, 2013. Creditor Blanca de Jesus Valiente ("de Jesus") filed a Motion

to Dismiss or Convert under 11 USC § 1112(b) on February 15, 2013. This Court initially scheduled

a hearing on March 6, 2013, but rescheduled the hearing to March 20, 2013. On February 22, 2013,

Secured Creditor Simon Colon Ramos ("Ramos") filed another Motion to Dismiss and on February

27, 2013, a third Motion to Dismiss was filed by the United States Trustee ("UST"). Accordingly,

this Court scheduled the two additional motions for March 20, 2013, as well. On March 18, 2013, a

Joint Stipulation was filed between Debtors and Ramos. The next day, Ramos withdrew his Motion to Dismiss, which this Court granted. On March 19, 2013, Creditor de Jesus filed a second Motion to Dismiss, this time pursuant to 11 USC § 109(g). At the March 20th hearing, and after the parties presented their arguments, this Court issued an Order dismissing the instant case for the following reasons: (1) Debtors' willful violation of the court's order entered in Case No. 12-00946 (MCF); (2) the UST's arguments of failure to comply with various mandatory requirements [Dkt. No. 45]; (3) Ramos/de Jesus' arguments under 11 USC § 109(g); and (4) the bankruptcy court's authority to dismiss a case under 11 U.S.C. § 105(a) to prevent an abuse of process. At the hearing, the court also granted the UST's request to bar the Debtors from refilling a bankruptcy petition for a period of three (3) years. Debtors' timely Motion Requesting Additional Findings of Fact and Separate Conclusions of Law followed.

In the Motion presently before the court, Debtors contend that this Court's Dismissal Order entered on March 26, 2013, did not include findings of facts or conclusions of law. Therefore, the Debtors request various findings of fact to be entered in order to pursue an appeal of this Court's decision. More specifically, Debtors contend the following findings of fact should be entered:

(1) Ramos' Motion to Dismiss pursuant to 11 USC § 109(g)(1) filed on February 22, 2013, was withdrawn by Ramos on March 19, 2013;

(2) Debtors filed a Stipulation with Ramos on March 18, 2013, containing the agreement to withdraw Ramos' Motion to Dismiss;

(3) At the hearing held on March 20, 2013, Creditor Ramos did not appear to proceed with his Motion to Dismiss because Ramos had previously withdrawn such Motion. Therefore, because of this withdrawal, there is no such Motion to be heard on March 20, 2013;

2

(4) There was no one to argue a Motion to Dismiss pursuant to 11 USC § 109(g)(1) and neither the UST nor de Jesus argued such Motion at the March 20, 2013 hearing. Therefore, no evidence was presented in support of said Motion;

(5) This Court based its decision to dismiss on the Response to Order to Show Cause filed at docket number 72 in Case No. 12-00946-MCF-11. Such Response was filed by the attorney representing the Debtors in that case, Juan C. Bigas ("Bigas"), after the court sanctioned him for not filing a disclosure statement and plan on the timeframe set forth by the court. Since Debtors did not file this response, they are not responsible for the filing even though such case was ultimately dismissed for failure to file various documents as stated above.

(6) Bigas is not Debtors' attorney in this instant case and therefore was not present at the March 20, 2013 hearing.

(7) Case No. 12-00946-MCF11 was never dismissed for willful violation of this Court's order. As such, the order dismissing the above case did not specify any determination of such willful violation.

(8) This Court's determination of a willful violation of the court's order in the previous case was solely based on Bigas' Response to Order to Show Cause, which was not discussed at the March 20, 2013 hearing.

(9) At the March 20, 2013 hearing, this Court did not take formal judicial notice of any facts, testimonial evidence, or material evidence.

Citing Fed.R.Bankr.P., Rules 9014, 7052 and Fed.R.Civ.P., Rule 52, Debtors argue that a party may file a motion requesting additional findings of facts within 14 days of the judgment. Debtors further contend that pursuant to Fed.R.Bankr.P., Rule 8002, Debtors are requesting that the court enter a new dismissal order with an accompanying set of findings of fact, as enumerated above, and conclusions of law.

**II. Discussion and Analysis**

Rule 52(b) permits "the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." National Metal Finishing Company v. Barclays American Commercial, Inc., 899 F.2d 119, 122 (1st Cir. 1990). Rule 52(b) motions apply only when a party

3

demonstrates a manifest error of law or fact, or in limited situations to present newly discovered evidence. In re Braithwaite, 197 B.R. 834, 835 (Bankr. N.D. Ohio 1996) (citing, Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986)). "A motion to amend the Court's findings of fact should be based on a 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'" In re Novak, 223 B.R. 363, 371 (Bankr. M.D. Fla. 1997) (citing Ramos v. Boehringer Manheim Corp., 896 F. Supp. 1213, 1214 (S.D.Fla. 1994)). Manifest error is defined as "an error that is obvious and indisputable and that warrants reversal on appeal." Merriam-Webster's Dictionary of Law (1st ed. 2001).

Motions to amend should not be "employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits," Fontenot v. Mesa Petroleum Co., 791 F.2d at 1219. Rule 52(b) was not created to allow litigants to relitigate old issues. National Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d at 123.

Fed.R.Bankr.P., Rule 7052 incorporates Fed.R.Civ.P., Rule 52. Pursuant to Rule 52, a trial court shall "find facts specially and state separately its conclusions of law." See Fed.R.Civ.P. 52(a). This Rule explicitly sets forth that it will be "sufficient if the findings of fact and conclusions of law ... appear in an opinion or memorandum of decision filed by the court." Id. In this Court's Order on March 26, 2013, the court opted to set forth its findings and conclusions in a memorandum decision rather than delineating these findings and conclusions as such. Trial courts enjoy ample breathing room discretion under Rule 52 to use either method to promote judicial economy. See e.g., In re Hongisto, 293 B.R. 45, 56 (N.D. Cal. 2003) aff'd, 86 F. App'x 331 (9th Cir. 2004) Cf., In re

4

Alvarado, 463 B.R. 200, 212 (D.P.R. 2011).

In its March 26, 2013 Order, this Court found: "Based on Debtors' willful violation of the Court's order entered on case No. 12-00946 MCF and the arguments made by the U.S. Trustee's Motion on docket No. 45, and under 11 U.S.C. §109(g)(1), the case is hereby dismissed. The Debtors are barred from re filing a bankruptcy petition for a period of three (3) years." As stated above, this Court's decision was based on findings set forth and on the arguments made in the motions to dismiss that had been filed. For purposes of judicial economy, courts do not have to rehash arguments that it agrees with in their entirety. The arguments put forth by the Debtors at the March 20th hearing regarding the limitations imposed by § 109(g)(1), did not justify their agents' disobedience and ignorance of the Bankruptcy Code in their previous bankruptcy case, namely, missing mandatory creditor meetings, violating court orders, and not addressing a second motion filed by a creditor based upon the same statutory provision of a previously withdrawn motion.

Debtor argues that this Court should adopt "additional" facts that are either irrelevant, erroneous and are at best disingenuous. In particular Debtors' proposed "findings" numbered 1 to 4 above, center on the fact that Ramos withdrew his Motion to Dismiss and was not present at the March 20th hearing to make his § 109(g) argument to the court. The timeline of events in this case evidences that the Motions to Dismiss filed by the U.S. Trustee and de Jesus were scheduled for a hearing on March 6, 2013, and the Motion to Dismiss filed by Ramos was scheduled for a hearing on March 20, 2013. The Debtor filed his Replies to all three Motions before the March 6th hearing. The Minutes of the March 6th hearing are as follows:

> The Court requested from the U.S. Trustee and Blanca de Jesus their consent
> to continue the hearing to 3/20/2013 together with the motion to dismiss filed by

Simon Colon Ramos, to be able to take **all the arguments into consideration and give one and more complete ruling**. The U.S. Trustee and Blanca de Jesus did not object to said request.

**ORDER**

The hearing is rescheduled for March 20, 2013 at 9:00 a.m. to consider the motions to dismiss by Blanca de Jesus (docket #30), by the U.S. Trustee (docket #45) and by Simon Colon Ramos (docket #40). The parties are granted until the 15th of March to file any other motions regarding any issues pending (emphasis added).

[See Dkt. No. 66]. The bankruptcy court's authority to dismiss a case arises under 11 U.S.C. § 105(a). Section 105(a) provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]. No provision of [title 11] providing for the raising of any issue by a party in interest shall be construed to **preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process** (emphasis added).

While this section "does not explicitly prescribe for [sic] *sua sponte* dismissal or conversion," section 105(a) "accommodates such a result." In re Kazis, 256 B.R. 242, 244 (Bankr.D.Mass.2000) (quoting In re Hammers, 988 F.2d 32, 34–35 (5th Cir.1993)); In re Durham, 461 B.R.139 (Bkrtcy.D.Mass.2011).

The Bankruptcy Code requires "notice and a hearing" before a Chapter 11 case may be dismissed. 11 U.S.C. § 1112(b). The Bankruptcy Rules contemplate that dismissal by the bankruptcy court shall only occur after the parties, including the debtor, are notified of the reasons for dismissal and the date of the hearing. See Fed.R.Bankr.P. Rule 1017(f). Accordingly, both the Bankruptcy

6

Code and Bankruptcy Rules require prior notice to the debtor of any hearing, accompanied by a motion or order to show cause specifying the reasons for dismissal, before dismissal may be considered. Even in the absence of the statutory requirements for notice, fundamental concepts of procedural due process would require notice to the Debtor and an opportunity to be heard on the bankruptcy court's reasons for dismissal. In re Melendez Colon, 265 B.R. 639, 644 (1st Cir. BAP 2001) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)); In re Muessel, 292 B.R. 712 (1st Cir.BAP 2003). The record is clear that Debtor had prior notice that dismissal of the case pursuant to the eligibility provisions of § 109(g) would be considered at the March 20, 2013 hearing.

**III. Conclusion**

This Court reminds Debtors that for judicial economy purposes, the decision to dismiss was based on the arguments raised by the UST, Ramos/de Jesus in their respective motions, Debtors violation of the court's order in a previous case, documents filed on the case docket and the courts inherent duty and authority under § 105(a).

WHEREFORE, Debtors' Motion Requesting Additional Findings of Fact and Separate Conclusions of Law is DENIED.

SO ORDERED

San Juan, Puerto Rico, this 10th day of July, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

7